**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**LARRIANTE SUMBRY**

**v.** **C.A. 06 - 202 T**

**INDIANA GOVERNOR**, et al.

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Larriante Sumbry, an inmate incarcerated in the State of Indiana following a conviction in the Indiana state courts, filed what he titled as "Uniform Treaty Law Writ of Coram Nobis Relief," apparently attacking his length of confinement in the Indiana State Prison system. The Court will construe this matter as a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A petitioner seeking to challenge the validity of a conviction or the duration of a sentence must file a petition for a writ of habeas corpus in the federal district court in the state in which he was convicted or the district in which he is in custody. See 28 U.S.C. § 2241(a) ("[w]rits of habeas corpus may be granted by ... the district courts...within their respective jurisdictions."); see also Section 2241(d)(applications for writ of habeas corpus may be filed in the district court for the district where petitioner is in custody or where the state court which convicted and sentenced the

petitioner is located). As mentioned, petitioner was convicted in the Indiana state courts and is incarcerated in Indiana. Thus, this Court is without jurisdiction to entertain the instant petition.

Moreover, it appears that transferring this matter to the federal district court in Indiana, where Sumbry was convicted and is presently confined, would not be appropriate. Sumbry is a "promiscuous as well as frivolous filer." Sumbry v. Davis, 132 Fed.Appx. 779 (10th Cir. 2005)(unpublished). Indeed, the Court of Appeals for the Seventh Circuit has placed significant restrictions on his filings in all of the federal courts in that circuit. See Sumbry v. Davis, 2005 WL 1422549 (N.D. Ind. 2005)(unpublished). Apparently, Sumbry has now begun exploiting the district courts in other circuits, filing frivolous matters in at least twenty four jurisdictions. See Sumbry v. Indiana State Prison, 2006 WL 398053 (N.D. Ind. 2006)(unpublished). Thus, I find transferring this matter to the federal court in Indiana would be inappropriate and dismissal is warranted.

Accordingly, I recommend that the District Court dismiss the instant petition for a writ of habeas corpus. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); L.R. Cv. 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to

Case 1:06-cv-00202-T-JH Document 3-1 Filed 05/09/2006 Page 3 of 3

review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 9, 2006

Accepted in the absence of an objection.

Ernest C. Torres
Chief, US District Judge

Date: 5/25/06